And the last case on the calendar is McGill v. Buzzelli. Mr. McGill? Yes, Your Honor. You've been very patient. Last on the calendar. Yes, thank you, Your Honor. Okay, may I begin? Yes, you may proceed. Okay, Your Honor, this is a matter of pretense here. I was wrongfully terminated for a job that I did not complete in its entirety. The defendant, you know, knew that this job, I never, all I did was set the job off and I never, and I barely ran it because I was trying to get it going back in May of 2017 and I believe I set it out as one of the exhibits, I think it's exhibit C, I believe, but anyway, they first criticized the job that I worked on several days earlier before my termination and at the time, the company had started bringing in a second saw machine. I worked for this company for five years before and they had one saw and that was the electrical saw. Now, this saw here, they named it A88, okay, and all the job numbers in the machine, they hold up to 24 jobs that were already pre-programmed and all the parameters were all set and ready to go. Basically, all I had to do was push a button and go. I load the table up and, you know, then they start cutting the parts. If I needed to make an adjustment, yeah, I can do that, but back in, it was December 2016, they bring it, they went out, bought a manual saw, put it all together and during that time, it was close to Christmas week and they had Christmas shutdown. I volunteered to do some overtime during that week of 2016, December of 2016, and once they had their saws, the manual saw, which they named it manual saw A87, I offered to, you know, get a little bit of training on it, you know, maybe one or two days just to get familiar with the saw so I could be able to troubleshoot any problems that might occur in the long run or sometime in the near future so I can fix the problem in order to maintain, you know, employment with this company and one of the jobs, you know, and I ran both machines, both A88 and A87 for the past five months, starting in the new year of January 2017 and I was just having some problems with the manual saw for those past five months and apparently, somehow, I must have corrected it. I don't know how exactly I corrected it, but I did, but come towards May 2017, again, you know, I brought this problem up with the company before that. Excuse me, Mr. McGill, may I interrupt for a second and ask a question? As I understand what you're saying, you're saying that your employer was unfair to because it fired you for not doing a job that it had not trained you to do. Is that a fair statement of your argument? Yes. Thank you. That's what I thought it was and do you, I didn't see anywhere in your papers an allegation or argument that they fired you because of your gender or because of your race or because of your age or because you have some sort of disability or anything like that. Is that part of your claim that they fired you because, really, because of your national origin or your sex or your race or something like that? Well, no, they didn't say anything about my sexual orientation or my sex or gender or anything. Well, that's why I'm asking, excuse me, I'll let you say as much as you want within your time limit. I just want to make sure you understand that under New York law, an employer can fire someone for a good reason or a bad reason so long as it's not a prohibited reason. So they're not required to be fair or reasonable. They're just required not to be. That's the problem that I think led to your case being dismissed, is that just the fact that they didn't do you right is not really something that generates a lawsuit. Do you understand what I'm saying, first of all? And then I'll let you say anything you want. I just want to know if you understand what I said. Yeah. Okay. Yeah. Yeah. So I said, generally, they just went through their lawsuits and just picked the last inquiry that I did, even if it's the wrong job and the wrong job number and the wrong machine number, then you're trying to say that's just okay to do? Let me go? I don't say it's okay to do. I don't say it's fair or it's right as a matter of morality. But the question is, the law doesn't give people a right to keep their jobs if the employer doesn't like them anymore, is the discriminating on one of these prohibited bases. In other words, if they treat white employees differently than black employees, or they treat women differently than men, that's against the law. But if they just made the wrong decision, that's not normally the basis for a lawsuit. That may have been the difficulty. That may have been the problem that led to the dismissal of your papers, Mr. McGill. And we'll look at them very carefully to see if there are allegations that you can make under New York law against an employer. But even if an employer decides to fire somebody outside of those prohibited categories, there's nothing in New York law that says an employer can't decide to fire somebody, even if it's a bad decision and unfair. So, did you have any closing remarks, Mr. McGill? No, I'm done. You have your papers. Yes, I did. No, no more closing remarks. Thank you for your patience today. And we'll look at your papers closely. Your case is the last case on the calendar. So, I'm going to ask the clerk to adjourn court. Okay. Correspondence adjourned.